BLAISE & NITSCHKE, P.C.
HEATHER L. BLAISE, ESQ. (SBN 261619)
123 N. Wacker Drive, Suite 250
Chicago, IL 60606
Telephone: 312-448-6602
Email: hblaise@blaisenitschkelaw.com

Attorneys for Plaintiff,
JANE DOE

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DONALD J. TRUMP, in his individual and official capacity as President of the United States; MITCH MCCONNELL, in his individual and official capacity as a Senator and Sponsor of S. 3548 CARES Act; and STEVEN MNUCHIN, in his individual and official capacity as the Acting Secretary of the U.S. Department of Treasury; CHARLES RETTIG, in his individual and official capacity as U.S. Commissioner of Internal Revenue; U.S. DEPARTMENT OF THE TREASURY; the U.S. INTERNAL REVENUE SERVICE; and the UNITED STATES OF AMERICA,<br><br>Defendants. | CASE NO: 8:20-cv-858<br><br><br><br>**CLASS ACTION COMPLAINT** |

NOW COMES Plaintiff, JANE DOE, (hereinafter "Doe" or "Plaintiff"), individually and on behalf of the proposed class, by and through her attorneys, Blaise & Nitschke, P.C., and submits her class action complaint against DONALD J.

- 1 -

TRUMP, in his individual and official capacity as President of the United States;
MITCH MCCONNELL, in his individual and official capacity as United States
Senator and the Sponsor of S. 3548 CARES Act; STEVEN MNUCHIN, in his
individual and official capacity as the Acting Secretary of the U.S. Department of
Treasury; CHARLES RETTIG, in his individual and official capacity as U.S.
Commissioner of Internal Revenue; U.S. DEPARTMENT OF THE TREASURY; the
U.S. INTERNAL REVENUE SERVICE; and the UNITED STATES OF AMERICA
(hereinafter collectively referred to as "Defendants"). In furtherance whereof,
Plaintiff states as follows:

## NATURE OF THE CASE

This is a class action based upon Defendants' unconstitutional deprivation of
the rights, privileges, benefits and/or protections provided to United States Citizens,
via the enactment and subsequent enforcement of the S. 3548-Coronavirus Aid,
Relief, and Economic Security Act (hereinafter "CARES Act"), both enactment and
enforcement of which evidence the discriminatory purpose and intent of said Act.

Plaintiff is an individual who possesses a social security number and whose
spouse lacks a social security number. Pursuant to 26 U.S.C. § 6428 (g)(1)(B),
enacted as part of the CARES Act, Plaintiff receives no recovery payment under 26
U.S.C. § 6428 (a) even though she and her children are U.S. citizens.

Plaintiff seeks a declaration that 26 U.S.C. § 6428 (g)(1)(B), as enacted by
Section 2101 of the CARES Act, is unconstitutional. Plaintiff further seeks class-
wide relief enjoining enforcement of 26 U.S.C. § 6428 (g)(1)(B), as enacted by
Section 2101 of the CARES Act, as written and further requiring Defendants to treat
Plaintiff, and those similarly situated, the same as other married individuals.

## PARTIES

1.      Plaintiff JANE DOE is a U.S. citizen who at all times mentioned in this
Complaint resided in the Central District of California. Plaintiff has a social security
number and her spouse does not have a social security number.

2.     That "Jane Doe" is not Plaintiff's actual name, but rather is a fictitious name for an actual person as herein described, in order to protect her actual identity, which is protected under the Fifth Amendment and the facts alleged herein.

3.     Defendant, DONALD J. TRUMP, in his individual and official capacity as President of the United States, is the President of the United States who signed the CARES Act into law on March 27, 2020.

4.     Defendant, MITCH MCCONNELL, in his individual and official capacity as United States Senator, is the Sponsor of S. 3548-CARES Act,  and introduced it in the United States Senate ("Senate") on March 19, 2020.

5.     Defendant, STEVEN MNUCHIN, in his individual and official capacity, is the Acting Secretary of the U.S. Department of Treasury. In that capacity, among other things, he oversees the collection of revenue, the preparation of plans for the improvement and management of the revenue and the preparation and report of estimates of the public revenue and public expenditures. As Secretary, Defendant Mnuchin exercises full authority to administer and enforce the internal revenue laws and has the power to create an agency to enforce these laws. As part of his duties, Defendant Mnuchin oversees the issuance of recovery payments to eligible individuals under the CARES Act.

6.     Defendant, CHARLES RETTIG, in his individual and official capacity, is the United States Commissioner of Internal Revenue. In that capacity, Defendant Rettig administers the application of the internal revenue laws and tax conventions to which the United States is a party. 26 U.S.C. § 7803. Defendant Rettig reports to the Secretary of the Treasury, Defendant Mnuchin. As part of his duties, Defendant Rettig oversees the issuance of recovery payments to eligible individuals under the CARES Act.

7.     Defendant U.S. DEPARTMENT OF THE TREASURY is an agency of the U.S. government. The U.S. Department of the Treasury operates and maintains systems that are critical to the nation's financial infrastructure, such as the production

of coin and currency, the disbursement of payments to the American public, revenue collection, and the borrowing of funds necessary to run the federal government.

8.     Defendant U.S. INTERNAL REVENUE SERVICE is a bureau of the U.S. Department of the Treasury organized to carry out the responsibilities of the Secretary of the Treasury under section 7801 of the Internal Revenue Code. The Internal Revenue Service was created based on the legislative grant of authority to the Secretary of the Treasury to enforce the internal revenue laws. The IRS calculates and sends recovery payments to those eligible under the CARES Act.

9.     Defendant, United States of America, acted through its agencies U.S. DEPARTMENT OF THE TREASURY and U.S. INTERNAL REVENUE SERVICE with respect to this matter.

10.     Defendants are each sued in their individual and official capacities and are the persons, offices, and/or agencies most responsible for the conduct alleged herein.

11.     Each of the Defendants had actual and/or constructive knowledge of the acts of the other Defendants as described herein, and ratified, approved, joined in, acquiesced in, and/or authorized the acts of the other, and/or retained the benefits of the said acts.

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 over Plaintiff's causes of action arising under the United States Constitution (the "Constitution").

13.     This Court may grant Plaintiff's request for declaratory relief and injunctive relief under 28 U.S.C. §§ 2201 and 2202.

14.     Venue is appropriate in the United States District Court for the Central District of California pursuant to 28 U.S.C. §1391(b) because 1) a substantial part of the events giving rise to the claims alleged herein occurred in this judicial district,

and 2) Plaintiff Doe resides within this District and no real property is involved in this action.

15.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1343, which gives the district court original jurisdiction over civil rights claims.

16.     The United States cannot assert sovereign immunity for this action for declaratory and injunctive relief against its agencies, and the agencies' officers, pursuant to 5 U.S.C. § 702.

### STATEMENT OF FACTS

17.     On March 13, 2020, President Donald J. Trump declared the 2020 coronavirus global pandemic ("COVID-19") a national emergency. *Proclamation on Declaring a National Emergency Concerning the Novel Coronavirus Disease (COVID-19) Outbreak*, WHITEHOUSE.GOV (March 13, 2020), https://www.whitehouse.gov/presidential-actions/proclamation-declaring-national-emergency-concerning-novel-coronavirus-disease-covid-19-outbreak/ (last visited April 30, 2020).

18.     This civil rights action challenges the CARES Act on constitutional grounds. The CARES Act denies tax-paying U.S. citizens their rights, privileges, benefits and/or protections embodied in § 2101 of the CARES Act which, as part of its provisions, amends Subchapter B of chapter 65 of subtitle F of the Internal Revenue Code of 1986, by adding a new section 6428, entitled "2020 Recovery Rebates For Individuals" ("Sec. 6428"). S. 3548, 116th Cong. (2020).

19.     Sec. 6428 is codified at 26 U.S.C. § 6428.

20.     The CARES Act was introduced in the Senate on March 19, 2020 by Mitch McConnell (for himself, Mr. Alexander, Mr. Crapo, Mr. Grassley, Mr. Rubio, Mr. Shelby, and Mr. Wicker). S. 3548, 116th Cong. (2020).

21.     The CARES Act was signed into law by President Donald J. Trump on March 27, 2020. *Statement by the President*, WHITEHOUSE.GOV (March 27, 2020)

1   https://www.whitehouse.gov/briefings-statements/statement-by-the-president-38/
2   (last visited Apr 24, 2020).

3       22.    The CARES Act full title reads: "To provide emergency assistance and
4   health care response for individuals, families, and businesses affected by the 2020
5   coronavirus pandemic." S. 3548, 116th Cong. (2020).

6       23.    Sec. 6428 authorizes the Internal Revenue Service to disburse $1,200.00
7   to each "eligible individual" earning up to $75,000.00 in adjusted gross income who
8   have a Social Security number, and an additional $500.00 for each child under the
9   age of 17 (hereinafter "the Stimulus Check"). 26 U.S.C. § 6428.

10       24.    Sec. 6428 authorizes the Internal Revenue Service to disburse $2,400.00
11   to "eligible individuals filing a joint return" when earning up to $150,000.00 in
12   adjusted gross income. 26 U.S.C. § 6428.

13       25.    Sec. 6428(c) lessens these amounts for individuals making more than
14   $75,000.00 and married couples filing jointly who make more than $150,000.00. 26
15   U.S.C. § 6428(c)

16       26.    Sec. 6428, through a combination of provisions, excludes otherwise
17   qualified individuals from receiving the CARES Act Stimulus Checks solely because
18   their spouses lack social security numbers.

19       27.    The Stimulus Checks include Defendant Trump's name. Defendant
20   Mnuchin admits that the inclusion of Defendant Trump's name on the Stimulus
21   Checks was Defendant Mnuchin's idea. Devan Cole, *Mnuchin Says Putting Trump's*
22   *Name on Coronavirus Stimulus Checks Was His Idea*, CNN (April 20, 2020),
23   https://www.cnn.com/2020/04/19/politics/steven-mnuchin-trump-name-stimulus-
24   checks-cnntv/index.html (last visited May 1, 2020).

25       28.    To be eligible to receive a payment, an individual:
26   • must be a U.S. citizen, permanent resident or qualifying resident alien;
27   • cannot be claimed as a dependent on someone else's return;
28

- 6 -

- must have a Social Security number ("SSN") that is valid for employment ("valid SSN")
  - o Exception: If either spouse is a member of the U.S. Armed Forces at any time during the taxable year, then only one spouse needs to have a valid SSN;

  and

- must have an adjusted gross income below an amount based on his or her filing status and the number of his or her qualifying children.

*Economic Impact Payment Information Center*, IRS.GOV (April 24, 2020) https://www.irs.gov/coronavirus/economic-impact-payment-information-center (last visited April 24, 2020).

29.     Under Sec. 6428 (d), Plaintiff is defined as an "eligible individual" because she is neither a "nonresident alien individual" nor a dependent child.

30.     Plaintiff Jane Doe's children are also defined as "qualifying" for the Stimulus Checks under Sec. 6428 (a)(2) because the children are under the age of 17 and live in the United States. 26 U.S.C. § 6428 (c) (2020).

31.     However, Section 6428 (g)(1)(B) also requires an eligible individual's spouse to have provided a "valid identification number" on the most recent tax return filed jointly with the IRS.

32.     Section 6428 (g)(2) (the "Exclusion Provision") defines a "valid identification number" for an adult as a social security number.

33.     Secs. 6428(g)(1)(B) and (g)(2) operate together to require both spouses filing jointly to have social security numbers in order for any member of the family, including the qualifying children, to be eligible for the Stimulus Checks.

34.     Any family that files a joint tax return where one of the spouses has a Social Security number and one has an Individual Taxpayer Identification Number ("ITIN"), which the Internal Revenue Service issues to workers who lack Social Security numbers, cannot receive a Stimulus Check — unless one spouse is a member

of the U.S. Armed Forces. Jenny Jarvie, *These U.S. Citizens Won't Get Coronavirus Stimulus Checks – Because Their Spouses Are Immigrants*, LOS ANGELES TIMES (April 20, 2020), https://www.latimes.com/world-nation/story/2020-04-20/u-s-citizens-coronavirus-stimulus-checks-spouses-immigrant (last visited April 24, 2020).

35.     There are 1.2 million Americans married to immigrants who do not hold Social Security numbers. *Profile of the Unauthorized Population: United States*, MIGRATION POLICY INSTITUTE, https://www.migrationpolicy.org/data/unauthorized-immigrant-population/state/US (last visited May 2, 2020).

36.     Of the 1.2 million Americans, those who file joint tax returns and are not in the military are ineligible for a Stimulus Check and deprived of the right(s), benefit(s) and/or privilege(s) conferred upon all other U.S. citizens who otherwise qualify.

37.     Plaintiff is a U.S. citizen who earns less than $75,000.00 in adjusted gross income, whose children are also U.S. citizens, and is excluded from the government's $2 trillion coronavirus financial relief package because she files her taxes jointly with her spouse (hereinafter referred to collectively as a "Mixed-status Family"), an immigrant who does not have a Social Security number.

38.     Plaintiff is married to an immigrant who pays taxes and files tax returns with an Individual Taxpayer Identification Number. The Mixed-status Family files joint tax returns and neither are in the military.

39.     On her most recent tax returns, Plaintiff provided her social security number, which is required by Sec. 6428 (g)(1)(A) in order for an eligible individual to receive a Stimulus Check. Plaintiff also provided her children's social security numbers, which is required by Sec. 6428 (g)(1)(C) in order for payments for qualifying children to be included to receive a Stimulus Check. Plaintiff also provided the ITIN of her spouse on the tax returns.

40.     However, as a result of Sec. 6428 (g)(1)(B), although Plaintiff and her children are U.S. citizens, and Plaintiff would otherwise have received a Stimulus

Check under Sec. 6428 (a), Plaintiff did not receive a Stimulus Check because her spouse lacks a social security number.

41.　But for her spouse lacking a social security number, Plaintiff Doe would have received a Stimulus Check for herself and her children under the CARES Act.

42.　Had Plaintiff not been married to an immigrant with an Individual Taxpayer Identification Number, Plaintiff and her children would have otherwise qualified for a Stimulus Check.

43.　There is no mechanism by which Plaintiff can dispute the government's decision to deny her a Stimulus Check.

44.　During the House of Representatives debate on the CARES Act, Representative TJ Cox pointed out what he called "this bill's glaring shortcomings" which included the fact that the bill "punishes mixed-status households and denies some American citizens benefits they deserve." 166 Cong. Rec. H1841 (daily ed. Mar. 27, 2020) (statement of Rep. Cox of CA).

45.　The original Senate version of the CARES Act, S. 3548, required all married joint filers to include social security numbers for both spouses. However, the Senate created an exception for cases in which "at least 1 spouse was a member of the Armed Forces of the United States at any time during the taxable year and at least 1 spouse [has a social security number]." Sec. 6428 (g)(3). The exception for military Mixed-status Families appeared in the Senate's final version of the CARES Act, H.R. 748, and was enacted into law.

46.　Neither Plaintiff nor her spouse was a member of the Armed Forces of the United States at any time during the taxable year.

47.　Sec. 6428 (g)(3) demonstrates that Congress was aware that the Stimulus Checks would be generally unavailable to qualified individuals who are married to and jointly file their taxes with non-citizens who lack a social security number.

48.　In the weeks following passage of the CARES Act, the U.S. economy continued to contract because of the COVID-19 pandemic. Across the U.S., states

1  shut down schools and businesses and ordered residents to stay at home to slow the

2  spread of the coronavirus. *See Which States Are Reopening and Which Are Still Shut*

3  *Down*, THE NEW YORK TIMES (April 27, 2020) https://www.nytimes.com/interactive/

4  2020/us/states-reopen-map-coronavirus.html (last visited April 29, 2020).

5     49.    On April 23, 2020, the U.S. Department of Labor reported that the

6  advance seasonally adjusted insured unemployment rate was 11% for the week

7  ending April 11. *News Release, Unemployment Insurance Weekly Claims*, U.S.

8  DEPARTMENT OF LABOR (April 23, 2020), https://www.dol.gov/ui/data.pdf (last

9  visited April 29, 2020). The number of initial jobless claims totaled 4.2 million in the

10  week ending April 18.

11     50.    The U.S. is now the country with the highest number of reported

12  COVID-19 cases. *Coronavirus Map: Tracking the Global Outbreak*, THE NEW YORK

13  TIMES (April 27, 2020), https://www.nytimes.com/interactive/2020/world/

14  coronavirus-maps.html?action=click&pgtype=Article&state=default&module=styln-

15  coronavirus&variant=show&region=TOP_BANNER&context=storyline_menu (last

16  visited April 29, 2020).

17     51.    Federal law generally requires all wage earners to file tax returns and use

18  an identification number. I.R.C. § 1. Individuals apply for ITIN by submitting a W-7

19  form and a completed tax return to the IRS. I.R.C. § 6109. The W-7 form requires

20  applicants to prove their identity and foreign status with any of 13 acceptable

21  documents by the IRS, such as a passport or a birth certificate. *Instructions for Form*

22  *W-7*, INTERNAL REVENUE SERVICE (Sept. 2019), https://www.irs.gov/pub/irs-

23  pdf/iw7.pdf (last visited April 29, 2020).

24     52.    The ITIN application process is not an immigration enforcement tool,

25  and the IRS is prohibited by law from sharing any taxpayer information with any

26  other governmental agencies. I.R.C. § 6103(a). An estimated 4.3 million adults file

27  taxes using an ITIN. *How the Tax Rebate in the Senate's Bill Compares to Other*

28  *Proposals*, INSTITUTE ON TAXATION AND ECONOMIC POLICY (March 25, 2020),

https://itep.org/how-the-tax-rebate-in-the-senates-bill- compares-to-other-proposals/ (last visited April 29, 2020).

53.    The IRS estimates ITIN tax filers pay over $9 billion in annual payroll taxes. *IRS Nationwide Tax Forum: Immigration and Taxation,* INTERNAL REVENUE SERVICE (2014), https://www.irs.gov/pub/irs-utl/20-Immigration%20and%20 Taxation.pdf (last visited April 29, 2020).

54.    The CARES Act and Defendants' failure to provide Plaintiff her Stimulus Check disparages Plaintiff's choices and diminishes her personhood. By denying Plaintiff and other Mixed-status Families their Stimulus Checks, the CARES Act and Defendants force Plaintiff and her children to suffer the stigma of knowing her family is adversely treated compared to other families. The CARES Act and Defendants humiliate Plaintiff and the children of Mixed-status Families, including hers, by treating them adversely as compared to other families.

55.    In addition, requiring Mixed-status Families to file their tax returns as married filing separately for the putative Class Member to be entitled to the Stimulus Check has the consequence of higher tax rate and reduction in credits and deductions that would otherwise be available if the putative Class Member filed taxes under the married filing jointly status. *See* Corbin Blackwell, CFP, *Married Filing Separately: Marriage Tax Benefit or Penalty?*, BETTERMENT (January 25, 2019), https://www.betterment.com/resources/married-filing-separately (last visited April 30, 2020); *see also* Andrea Woroch, *Married Couples: Is It Better to File Taxes Jointly or Separately?*, U.S. NEWS MONEY (January 6, 2020), https://money.usnews. com/money/personal-finance/taxes/articles/married-couples-is-it-better-to-file-taxes-jointly-or-separately (last visited April 30, 2020).

56.    Further, requiring Mixed-status Families to file their tax returns as married filing separately means that Mixed-status Families will be severely disadvantaged in proving the legitimacy of their marriage for the purposes of lawful immigration. *See* Blackwell, *supra; see also* Halina Schiffman-Shilo, *Opinion: The*

*Cruelties of the COVID-19 Stimulus Bill*, CITYLIMITS.ORG (April 3, 2020), https://citylimits.org/2020/04/03/opinion-the-cruelties-of-the-covid-19-stimulus-bill/ (last visited May 4, 2020).

## CLASS ACTION ALLEGATIONS

57.    Plaintiff brings this claim individually and on behalf of the following putative class (the "Class"), pursuant to Federal Rule of Civil Procedure 23:

> **All United States Citizens married to immigrants that file joint taxes wherein the immigrant-spouses file tax returns using an Individual Taxpayer Identification Number who would have otherwise qualified for the Stimulus Check.**

Plaintiff reserves the right to amend the Class and any potential subclass definitions if further investigation and discovery indicate that the Class and potential subclass definitions should be narrowed, expanded, or otherwise modified. Excluded from the Class and potential subclass are any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

58.    The Class is so numerous that joinder of all individual members (individually, "Class Member" or collectively, "Class Members") in one action would be impracticable, given the expected Class size and modest value of individual claims.

59.    There are more than 1.2 million Americans that are married to immigrants who lack Social Security numbers.

60.    Of the 1.2 million Americans, those who file joint tax returns and are not in the military would meet the above-referenced Class definition.

61.    The Migration Policy Institute reported that 4.1 million U.S. Citizen children live with at least one undocumented immigrant parent. U.S. Randy Capps, Michael Fix, and Jie Zong, *A Profile of U.S. Children with Unauthorized Immigrant Parents*, MIGRATION POLICY INSTITUTE (January 2016), https://www.migrationpolicy.

org/research/profile-us-children-unauthorized-immigrant-parents (last visited April 29, 2020).

62.    Class Members can be identified through Defendants' records.

63.    Plaintiff's claims are typical of the claims of the Class Members, as they are based on the same legal theory and arise from the same unlawful conduct.

64.    There are common questions of law and fact affecting Class Members, which common questions predominate over questions that may affect individual members. These common questions include, but are not limited to:

    a.  Whether and to what extent Defendants have deprived Class Members of their First Amendment Rights; Equal Protection and Due Process under the Law;

    b.  Whether and to what extent Defendants have deprived Class Members of their property interest;

    c.  Whether and to what extent Defendants have deprived Class Members of their rights, privileges, and/or immunities secured by the Constitution of the United States;

    d.  Whether Section 2101 of the CARES Act, which enacted 26 U.S.C. § 6428 (g)(1)(B), violates the U.S. Constitution by discriminating against individuals with social security numbers who are married to individuals who lack social security numbers;

    e.  Whether Plaintiff and the Class suffered harm as a result of Defendants' unlawful policies and/or practices and enforcement of 26 U.S.C. § 6428 (g)(1)(B), as enacted by the CARES Act;

    f.  Whether Class Members are entitled to actual damages, statutory damages, and/or punitive damages as a result of Defendants' wrongful conduct;

g.  Whether Class Members are entitled to equitable and injunctive relief to redress the imminent and currently ongoing harm faced as a result of their exclusion from the CARES Act;

h.  What the scope of a resulting permanent injunction would include; and

i.  Whether or not Class Members are entitled to Declaratory Judgment relating to their classification and exclusion, among others, under the CARES Act.

65.  The claims alleged by the named individual Plaintiff are typical of the claims of the Class because the challenged statutory provision applies with the same force to the named individual Plaintiff as they do to all other members of the Class.

66.  Plaintiff will fairly and adequately represent the Class Members. Plaintiff has no interests that conflict with the interests of Class Members. Plaintiff possesses a strong personal interest in the subject matter of this lawsuit and the claims raised. Plaintiff has retained counsel experienced in handling civil rights cases, class actions, federal litigation, and litigation involving constitutional law. Counsel has the legal knowledge and resources to represent fairly and adequately in the interests of all Class Members in this action. Neither Plaintiff nor her counsel have any interests that might cause them not to pursue these claims vigorously.

67.  The universe of people affected by the CARES Act's and Defendants' unlawful policy and/or practice is ascertainable through Defendants' records and, therefore, the Class is ascertainable.

68.  This action should be maintained as a class action because the prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual members that would establish incompatible standards of conduct for the parties opposing the Class. Defendants also have acted or failed to act on grounds that generally apply to all Class Members, necessitating the declaratory and relief Plaintiff seeks. In addition,

questions of law and fact common to Class Members predominate over questions affecting only individual Class Members. A class action is superior to other available methods for fairly and efficiently adjudicating the controversy because, among other things, a class action would concentrate a multiplicity of individual actions, which share common facts and legal disputes, in a single forum.

## COUNT I
### Violation(s) of the Fifth Amendment to the United States Constitution
### (On Behalf of Plaintiff and the Class)

69.    Plaintiff re-alleges and incorporates paragraphs 1-68 of this Complaint as though fully set forth herein.

70.    Defendants, acting under color of law, have violated rights secured to Plaintiff by the Fifth and Fourteenth Amendments to the United States Constitution including the right to due process of law, the right to equal protection under the law, and the penumbra of privacy rights created by the First, Third, Fourth, and Fifth Amendments that creates a fundamental right to marriage. Specifically, Defendants have failed, as applied to Plaintiff, to treat her as equal to her fellow United States citizens based solely on whom she chose to marry.

## I.    Substantive Due Process

71.    The Fifth Amendment to the United States Constitution provides that no person shall be "deprived of life, liberty or property without due process of law." U.S. Const. amend. V.

72.    The Supreme Court has reiterated in numerous contexts that the right to marry is a fundamental right under the Due Process Clause. *See*, *e.g., M. L. B.* v. *S. L. J.*, 519 U.S. 102, 116, 117 S. Ct. 555, 136 L. Ed. 2d 473 (1996); *Cleveland Bd. of Ed.* v. *LaFleur*, 414 U.S. 632, 639-640, 94 S. Ct. 791, 39 L. Ed. 2d 52 (1974); *Griswold*, *supra*, at 486, 85 S. Ct. 1678, 14 L. Ed. 2d 510; *Skinner* v. *Oklahoma ex rel. Williamson*, 316 U.S. 535, 541, 62 S. Ct. 1110, 86

L. Ed. 1655 (1942); *Meyer* v. *Nebraska*, 262 U.S. 390, 399, 43 S. Ct. 625, 67 L. Ed. 1042 (1923).

73.     Discrimination based on the fundamental right to marry is presumptively unconstitutional and subject to strict scrutiny.

74.     The Fifth Amendment to the U.S. Constitution protects freedom of personal choice in matters of marriage and family life.

75.     The Defendants, in their individual and official capacities as President of the United States, Senator and Sponsor of the CARES Act in the United States, Acting Secretary of the U.S. Department of Treasury, Commissioner of Internal Revenue, the U.S. Department of the Treasury, the Internal Revenue Service, and the United States of America, violated Plaintiff's substantive due process rights and deprived Plaintiff of her rights, privileges, and/or immunities secured by the Constitution of the United States.

76.     The Defendants have irreparably injured Plaintiff by engaging and continuing to engage in behavior that violates Plaintiff's constitutional property interest rights individually and as a taxpayer in the United States.

77.     26 U.S.C. § 6428 (g)(1)(B)'s exclusion of Plaintiff from the category of those citizens entitled to receive a Stimulus Check, based only on to whom she married, "slic[es] deeply into the family itself." *Moore v. City of E. Cleveland, Ohio*, 431 U.S. 494, 498 (1977). On its face, and as applied, 26 U.S.C. § 6428 (g)(1)(B) selects certain categories of married individuals who may receive a Stimulus Check and declares that others may not. In particular, 26 U.S.C. § 6428 (g)(1)(B) denies a Stimulus Check to Plaintiff based on her choice to marry an individual who lacks a social security number.

78.     26 U.S.C. § 6428 (g)(1)(B) threatens Plaintiff's freedom of choice in personal matters related to marriage and family, including the sanctity of Plaintiff's interest in defining her family through personal choice.

79.     26 U.S.C. § 6428 (g)(1)(B) intentionally and substantially infringes upon and unduly burdens Plaintiff's liberty interests, as well as other interests that form the basis of Plaintiff's fundamental right to marry and to choose how to define her family.

80.     Plaintiff's choice of whom to marry is fundamental to her autonomy, dignity, and self-determination. 26 U.S.C. § 6428 (g)(1)(B)'s exclusion of Plaintiff from receiving a Stimulus Check unduly interferes with Plaintiff's fundamental rights and liberty interests, is arbitrary, unfair, and unreasonable, and lacks an adequate justification.

81.     As a proximate result of Defendants' conduct, Plaintiff suffered injury to her constitutional rights under the Fifth Amendment's Due Process Clause.

82.     Defendants' violations have caused and will cause Plaintiff harm.

## II.     Equal Protection Clause

### A.     Social Security Number Holder Married to ITIN Holder-Suspect Class

83.     The Fifth Amendment to the United States Constitution guarantees all persons equal treatment under the law. The right to marry is secured by the Equal Protection Clause.

84.     The Fourteenth Amendment to the United States Constitution, enforceable pursuant to 42 U.S.C. § 1983, provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. In addition, the Privileges and Immunities Clause of the Fourteenth Amendment states that "the citizens of each state shall be entitled to all privileges and immunities of citizens in the several states." U.S. Const. amend. XIV, § 1 Clause 2. Although the Fourteenth Amendment expressly applies to the States, it has been construed to apply to the Federal Government through the Reverse Incorporation Doctrine under *Bolling v. Sharpe*, 347 U.S. 497 (1954) and its progeny. *See Brown v. Board of Education of Topeka*, 347 U.S. 483 (1954); *Adarand Constructors, Inc. v.*

*Peña,* 515 U.S. 200 (1995) (applying strict scrutiny to the federal government based on equal protection grounds).

85.     26 U.S.C. § 6428 (g)(1)(B), on its face and as applied to Plaintiff, violates the equal protection guarantee of the Fifth Amendment by burdening Plaintiff's fundamental right to marry in a way that offends basic principles of justice and of equality. Marriage has long been regarded as a fundamental right, the foundation of the family and of society. It embraces the right to personal choice and individual autonomy, and dignifies couples who define themselves by their commitment to each other.

86.     Plaintiff is a U.S. citizen and has lawfully filed taxes in the United States, yet she is being denied the rights and privileges of citizenship under the CARES Act.

87.     Similarly situated U.S. citizens and Social Security Number Holders who are not married to immigrants and who filed joint tax returns have not been denied such rights and privileges under the CARES Act.

88.     Plaintiff brings this action against Defendants in their individual and official capacities for purposes of seeking declaratory and injunctive relief and challenges the Defendants' practices and policies of discrimination both facially and as applied to her, individually and as the putative Class Plaintiff.

89.     As a direct result of 26 U.S.C. § 6428 (g)(1)(B), as enacted by the CARES Act, the federal government treats Plaintiff, who is legally married, differently than other married couples simply because her spouse lacks a social security number. As a result of this disparate treatment, Plaintiff is excluded from the category of citizens entitled to receive a Stimulus Check. 26 U.S.C. § 6428 (g)(1)(B) also infringes on Plaintiff's right to enjoy all the benefits of marriage afforded to other married couples.

90.    Defendants cannot justify creating this classification that singles out one class of married individuals with social security numbers and subjects them to disparate and injurious treatment based solely on whom they have chosen to marry.

91.    Defendants intentionally discriminate against Plaintiff when they enforce this Exclusion Provision that infringes on the exercise of a fundamental right.

92.    As a proximate result of Defendants' conduct, Plaintiff suffered injury to her constitutional rights under the Fifth Amendment's Equal Protection Clause.

93.    Defendants' violations have caused and will cause Plaintiff harm.

**B.    Alienage-Suspect Class**

94.    "[Classifications] based on alienage, like those based on nationality or race, are inherently suspect and subject to close judicial scrutiny. Aliens as a class are a prime example of a 'discrete and insular' minority . . . for whom such heightened judicial solicitude is appropriate." *Graham* v. *Richardson*, 403 U.S. 365, 372 (1971) (footnotes and citations omitted).

95.    Discrimination based on the alienage of a U.S. citizen's spouse is presumptively unconstitutional and subject to strict scrutiny.

96.    Defendants discriminate against Plaintiff on the basis of the alienage of her spouse.

97.    The Exclusion Provision, on its face and as applied, or threatened to be applied, violates the Due Process Clause of the Fifth Amendment; Equal Protection and Privileges and Immunities under the Fourteenth Amendment under the Reverse Incorporation Doctrine; and the well-established fundamental right to marry.

98.    Defendants have no compelling interest justifying their policies of discrimination based on the marriage to a non-U.S. Citizen, and they cannot show that this suspect class is necessary to serve any legitimate governmental interest.

99.    The Defendants treat Plaintiff differently than U.S. Citizens who marry other U.S. Citizens, who are otherwise similarly situated to Plaintiff.

100. Sec. 6428 is not narrowly tailored to advance a compelling government interest, nor is it rationally related to any legitimate government interest.

101. As a proximate result of Defendants' conduct, Plaintiff suffered injury to her constitutional rights under the Fifth Amendment's Equal Protection Clause.

102. Defendants' violation has caused and will cause Plaintiff harm.

103. Accordingly, the Exclusion Provision of the CARES Act violates Due Process Clause of the Fifth Amendment to the United States Constitution; Equal Protection and Privileges and Immunities under the Fourteenth Amendment under the Reverse Incorporation Doctrine; and the well-established fundamental right to marry.

## COUNT II
### Violation(s) of the First Amendment to the United States Constitution
### (On Behalf of Plaintiff and the Class)

104. Plaintiff re-alleges and incorporates paragraphs 1-103 of this Complaint as though fully set forth herein.

105. The First Amendment to the U.S. Constitution states: "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." U.S. Const. amend. I.

106. Specific guarantees in the Bill of Rights have penumbras, formed by emanations from those guarantees that help give them life and substance. Various guarantees create zones of privacy. The right of association contained in the penumbra of the First Amendment is one of those fundamentally protected zones of privacy. *Griswold v. Connecticut*, 381 U.S. 479, 480, 85 S. Ct. 1678, 1679 (1965).

107. The right of privacy first achieved constitutional stature in *Griswold v. Connecticut*, 381 U.S. 479, 14 L. Ed. 2d 510, 85 S. Ct. 1678 (1965), wherein the *Griswold* Court began by noting that "specific guarantees in the Bill of Rights have

1    penumbras, formed by emanations from those guarantees that help give them life and

2    substance." 381 U.S. at 484.

3        108.    The *Griswold* opinion stressed the sanctity of marriage lying within the

4    zone of privacy created by several fundamental constitutional guarantees. *Griswold v.*

5    *Connecticut*, 381 U.S. 479, 485, 85 S. Ct. 1678, 1682 (1965)

6        109.    Defendants discriminate against Plaintiff and the Class on the basis of

7    their protected sanctity of marriage—a fundamental right.

8        110.    The CARES Act provision at issue, on its face and as applied, or

9    threatened to be applied, violates the First Amendment of the United States

10    Constitution.

11        111.    As a direct result of 26 U.S.C. § 6428 (g)(1)(B), the federal government

12    treats Plaintiff, who is legally married, differently than other married couples simply

13    because her spouse lacks a social security number. As a result of the disparate

14    treatment, Plaintiff is excluded from receiving a Stimulus Check. 26 U.S.C. § 6428

15    (g)(1)(B) also infringes on Plaintiff's right to enjoy all the benefits of marriage

16    afforded to other married couples.

17        112.    Defendants cannot justify creating this classification that singles out one

18    class of married individuals with social security numbers and subjects them to

19    different treatment based on whom they marry.

20        113.    Defendants intentionally discriminate against Plaintiff when they enforce

21    the Exclusion Provision of the CARES Act that infringes on the zone of privacy.

22        114.    Defendants have no compelling interest justifying their policies of

23    discrimination based on marriage, and they cannot show that these classifications are

24    necessary to serve any legitimate governmental interest.

25        115.    The Defendants treat Plaintiff differently than married U.S. Citizens who

26    file jointly with their U.S. Citizen and/or Social Security Holder spouses, who are

27    otherwise similarly situated to Plaintiff.

28

116.   The CARES Act singles out law-abiding and tax-paying U.S. Citizens by denying them a benefit they and their children would otherwise be entitled to with no compelling interest justifying the law and without serving any legitimate governmental interest.

117.   Sec. 6428(g) is not narrowly tailored to advance a compelling government interest, nor is it rationally related to any legitimate government interest.

118.   As a proximate result of Defendants' conduct, Plaintiff suffered injury to her constitutional rights under the First Amendment's Freedom of Association Clause.

119.   Defendants' violation has caused and will cause Plaintiff harm.

120.   Accordingly, the Section 2101 of the CARES Act, by enacting Sec. 6428(g)(1)(B) violates the First Amendment to the United States Constitution.

## **COUNT III**
### **Action for Temporary Restraining Order ("TRO");**
### **Preliminary and Permanent Injunction; and**
### **Declaratory Relief Against All Defendants**
### **(On Behalf of Plaintiff and the Class)**

121.   Plaintiff re-alleges and incorporates paragraphs 1-120 of this Complaint as though fully set forth herein.

122.   Plaintiff seeks the entry of a temporary restraining order, preliminary and permanent injunction, and Declaratory Relief, including but not limited to the following:

    a.   Issue a temporary, preliminary and permanent injunction against the Defendants and all those acting in concert prohibiting enforcement of the laws, as applied, at issue in this action; and

    b.   Issue a declaratory judgment that the Exclusion Provision of the CARES Act, as applied to Plaintiff and the Class, violates the constitutional and statutory rights of Plaintiff and denies Plaintiff the privileges and immunities to which she would otherwise be entitled.

123.   Plaintiff has no adequate remedy at law and is suffering irreparable harm. There is no risk of harm to the Defendants should this Court grant an injunction prohibiting enforcement of the Exclusion Provision as enacted by the CARES Act. Meanwhile, the harm to Plaintiff is severe. The public interest is clearly served by this Court acting to order recognition of U.S. Citizens and their children consistent with the manner in which the Federal Government treats similarly situated U.S. Citizens, without regard to their marital status. Only prompt action by this federal Court ordering declaratory and injunctive relief will serve the public interest.

124.   Injunctive relief is appropriate under the circumstances because Defendants have intentionally excluded otherwise eligible U.S. Citizens from receiving the Stimulus Check and, more damaging, excluding them from a benefit conferred upon all other U.S. Citizens simply because of whom they chose to marry, which is facially discriminatory and retributive.

125.   Plaintiff has suffered, and will continue to suffer, immediate and irreparable harm by reason of the conduct described above. Such immediate and irreparable harm includes, but is not limited to, the loss of a minimum of $1,200.00 U.S. Dollars and a loss of privacy, reputation in the community, and dignity.

126.   Plaintiff does not have an adequate remedy at law to protect and re-establish the rights which currently have been, and continue to be, violated by Defendants' actions. Plaintiff's rights cannot be obtained except through injunctive relief.

127.   Entering the injunctive relief that Plaintiff is seeking will cause the Defendants no harm.

128.   Defendants will suffer no loss, if compelled to act in accordance with the law, by refraining from discriminating against U.S. Citizens based upon their marital status to immigrants.

129.   There is a reasonable likelihood that the Plaintiff will succeed on the merits of his claims.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff JANE DOE, individually and on behalf of the proposed Class, by and through her attorneys, Blaise & Nitschke, P.C., prays for relief as follows:

    a. For an Order certifying this action as a class action and appointing Plaintiff and her Counsel to represent the Class;

    b. An Order granting Blaise & Nitschke, P.C. and *Khalaf & Abuzir, LLC as class counsel;

    c. A temporary, preliminary and/or permanent injunction against the Defendants, and all those acting in concert, prohibiting enforcement of the laws as written and instead applying the provision as follows;

        i. Issuing a Temporary Restraining Order directing that Section 2101 of the CARES Act be applied as follows:

"(a) In General.—Subchapter B of chapter 65 of subtitle F of the Internal Revenue Code of 1986 is amended by inserting after section 6427 the following new section:

SEC. 6428. 2020 RECOVERY REBATES FOR INDIVIDUALS

[. . .]

"(h) Identification Number Requirement.—

"(1) IN GENERAL.—No credit shall be allowed under subsection (a) to an eligible individual who does not include on the return of tax for the taxable year—

"(A) such individual's valid identification number,

"(B) in the case of a joint return, the valid identification number ~~such individual's spouse~~ for at least one of the filing spouses, and

"(C) in the case of any qualifying child taken into account under subsection (b)(1)(B), the valid identification number of such qualifying child.

1    "(2) VALID IDENTIFICATION NUMBER.—

2    "(A) IN GENERAL.—For purposes of paragraph (1), the term 'valid

3    identification number' means a social security number (as such term

4    is defined in section 24(h)(7)).

5    ii.  Issuing a Preliminary and Permanent Injunction amending the

6    CARES Act as identified above and enjoining Defendants from

7    affixing any new terms to the CARES Act, or any future legislation

8    designed to provide economic stimulus to United States citizens that

9    excludes mixed immigration status families.

10   d.  A determination that the Exclusion Provision, as enacted by Section 2101 of

11   the CARES Act, is unconstitutional and should not be enforced;

12   e.  Issue a declaratory judgment that Section 2101 of the CARES Act, enacting

13   Sec. 6428(g), is subject to strict scrutiny;

14   f.  Issue a declaratory judgment that Section 2101 of the CARES Act, enacting

15   Sec. 6428(g), as applied to the Plaintiff, violates the constitutional and

16   statutory rights of Plaintiff;

17   g.  Issue a declaratory judgment striking from the CARES Act those provisions

18   that are violative of the protections afforded to Plaintiff and those similarly

19   situated under the United States Constitution, federal statutes, and those

20   cases interpreting the same under which this Court is bound under the

21   principles of *stare decisis*;

22   h.  Enter an Order requiring the Defendants to hold in escrow or otherwise

23   earmark sufficient funds for the issuance of Stimulus Checks to members of

24   the Class;

25   i.  For an award of attorneys' fees and costs; and

26   j.  Such other and further relief as this court may deem just and proper.

27   ## JURY DEMAND

28   Plaintiff respectfully demands a trial by jury of all matters so triable.

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that Defendants take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to Plaintiff and the Class and the events described herein. These materials are likely very relevant to the litigation of this claim. If Defendants are aware of any third party that has possession, custody, or control of any such materials, Plaintiff demands that Defendants ensure, by whatever lawful means necessary, that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the Defendants.

## NOTICE OF LIEN AND ASSIGNMENT

All rights relating to attorneys' fees have been assigned to counsel.

DATED: May 6, 2020                  Respectfully submitted,

JANE DOE, individually and on behalf of others similarly situated.

  /s/ Heather L. Blaise
HEATHER L. BLAISE, ESQ. (SBN 261619)
123 N. Wacker Drive, Suite 250
Chicago, IL 60606
Telephone: 312-448-6602
Email: hblaise@blaisenitschkelaw.com
*Attorney for Plaintiff*

BLAISE & NITSCHKE, P.C.
Lana B. Nassar (IL Bar No. 6319396) *
Thomas J. Nitschke (IL Bar No. 6225740) *
Elisabeth A. Gavin (IL Bar No. 6297740) *
123 N. Wacker Drive, Suite 250
Chicago, IL 60606
T: (312) 448-6602
F: (312) 803-1940

lnassar@blaisenitschkelaw.com

KHALAF & ABUZIR, LLC
Vivian Khalaf (IL Bar No. 6210668) *
Omar Abuzir (IL Bar No. 6257708) *
20 N. Clark, Suite 720
Chicago, IL 60602
T: (708)-233-1122
F: (708)-233-1161
vkhalaf@immigrationjd.com

* Application for admission *pro hac vice*
forthcoming

CLASS ACTION COMPLAINT