NICOLA T. HANNA
United States Attorney
THOMAS D. COKER
Assistant United States Attorney
Chief, Tax Division
MELISSA BRIGGS (Cal. Bar No. 320697)
JOHN D. ELLIS (Cal. Bar No. 322922)
Assistant United States Attorneys
      Federal Building, Suite 7211
      300 North Los Angeles Street
      Los Angeles, California 90012
      Telephone:  (213) 894-6165
                  (213) 894-2740
      Facsimile:  (213) 894-0115
      E-mail:     melissa.briggs2@usdoj.gov
                 john.ellis3@usdoj.gov

Attorneys for the
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| JANE DOE,<br><br>        Plaintiff,<br><br>        v.<br><br>DONALD J. TRUMP, et al.,<br><br>        Defendants. | No. 8:20-cv-00858-SVW-JEM<br><br>Opposition to *Ex Parte* Application<br><br>[No Hearing Scheduled]<br><br><br>Hon. Stephen V. Wilson |

1    The United States of America[1] (United States) hereby opposes plaintiff's *Ex Parte*

2   Application for a Temporary Restraining Order and Order to Show Cause Why a

3   Preliminary Injunction Should Not Issue (*ex parte* application, ECF 9) and

4   Memorandum in Support Thereof (ECF 11).

5   Dated: May 11, 2020                    Respectfully submitted,

6                                          NICOLA T. HANNA
                                           United States Attorney
7                                          THOMAS D. COKER
                                           Assistant United States Attorney
8                                          Chief, Tax Division

9

10                                         ____ /s/ John D. Ellis _____
                                           MELISSA BRIGGS
11                                         JOHN D. ELLIS
                                           Assistant United States Attorneys
12
                                           Attorneys for the
13                                         United States of America

14

15

16

17

18

19

20

21

22

23

24

25

26

27    [1] The complaint names as defendants various government officials and agencies.
    The only proper party defendant is the United States of America.  *See Gilbert v.*
28  *DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985).

                                           2

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiff contends that the Internal Revenue Service (IRS) failed to issue her an advance refund of a CARES Act tax credit because she is married to an individual without a social security number (SSN), violating her constitutional rights.  Plaintiff asks this Court for *ex parte* emergency relief, including a declaration that section 6428(g) of the Internal Revenue Code (Title 26, U.S.C.) is unconstitutional and an order requiring the United States to hold in escrow funds to pay advance refunds to plaintiff and similarly situated individuals.  As we explain below, this Court should summarily deny plaintiff's *ex parte* application because she has not demonstrated the exigency required for *ex parte* relief.  Moreover, plaintiff cannot demonstrate that she is entitled to a temporary restraining order, preliminary injunction, or class certification because this Court lacks jurisdiction over her claims.

## II.   THE CARES ACT[2]

On March 27, 2020, the President of the United States of America signed into law the Coronavirus Aid, Relief, and Economic Security (CARES) Act, Pub. L. 116-136. The CARES Act, as relevant here, added section 6428 to the Internal Revenue Code. CARES Act, Pub. L. 116-136, sec. 2101.  Section 6428 authorizes certain individuals to claim a tax credit (CARES Act credit) for their 2020 tax year.  An individual's eligibility for a CARES Act credit and the amount of the credit are based on a number of factors, including her filing status, adjusted gross income, and qualifying children.  *See* 26 U.S.C. § 6428(a) and (c).  As relevant to plaintiff's complaint, no CARES Act credit will be allowed to an individual who fails to provide a valid identification number for herself,

---

[2] The United States' brief overview of the CARES Act is provided only to demonstrate why plaintiff's application for *ex parte* relief should be summarily denied. If it is not, the United States should be afforded an opportunity to obtain necessary evidence, including declarations from the IRS.

1

1   any qualifying children, and her spouse, if filing jointly.[3]  26 U.S.C. § 6428(g)(1).  A

2   valid identification number means an SSN (as defined in 26 U.S.C. § 24(h)(7)) or in the

3   case of a qualifying child who is adopted or placed for adoption, the adoption taxpayer

4   identification number of such child.  26 U.S.C. § 6428(g)(2).

5          In accordance with section 6428(f), the IRS has begun issuing advance refunds of

6   the CARES Act credit.  *See generally* https://www.irs.gov/coronavirus/economic-

7   impact-payment-information-center (last visited May 9, 2020).  The advance refunds are

8   computed based on the information available to the IRS.  The IRS will first use

9   information from a taxpayer's 2019 tax year.  26 U.S.C. § 6428(f)(1).  If no 2019 tax

10  return was filed, the IRS will use information from the taxpayer's 2018 tax year.  26

11  U.S.C. § 6428(f)(5).  If no 2018 or 2019 tax return was filed, the IRS will use

12  information provided to it on a 2019 social security benefit or social security equivalent

13  benefit statement.  *Id*.  By statute, the IRS is directed to "refund or credit any

14  overpayment attributable to [] section [6428(f)] as rapidly as possible," but the IRS is

15  authorized to make advance refunds through December 31, 2020.  26 U.S.C. §

16  6428(f)(3)(A).

17         Section 6428 does not confer upon eligible individuals any justiciable right to an

18  advance refund.  Nor does it confer any right to receive an advance refund at a particular

19  time or in a particular manner.  Section 6428(a) provides that an individual's CARES

20  Act credit "shall be allowed as a credit against the tax imposed by subtitle A for the first

21  taxable year beginning in 2020."  There is no corresponding mandate that the IRS

22  immediately issue a CARES Act credit in the form of an advance refund.  If the IRS

23  does not issue an advance refund to an individual who will eventually qualify for a

24  CARES Act credit, there is no mechanism in the statute by which the individual can

25  force it to do so.  Instead, the statute contemplates that any advance refund will be

26

27         [3] A married couple may provide only one spouse's SSN to claim a CARES Act
    credit on a joint return if at least one of the spouses was a member of the Armed Forces
28  of the United States at any time during the taxable year.  26 U.S.C. § 6428(g)(3).

2

reconciled with the CARES Act credit reported on the taxpayer's 2020 tax return. *See* 26 U.S.C. § 6428(e) (providing that the amount of any CARES Act credit will be reduced (but not below zero) by the aggregate amount of any advance refunds and credits made or allowed to the taxpayer) and 26 U.S.C. § 6428(f)(3)(A) (providing that any advance refunds and credits will be made by December 31, 2020). Indeed, many individuals who will qualify for a CARES Act credit have not received an advance refund. These individuals will have to wait until 2021 to claim and receive the credit.[4]

## III.   STATEMENT OF FACTS

Plaintiff filed her complaint (ECF 1) on May 6, 2020, and her *ex parte* application (ECF 9, 11) two days later. The *ex parte* application was noticed for an emergency hearing on May 11, 2020, but the hearing has subsequently been vacated. No defendant has been served.

Plaintiff alleges that she holds an SSN but is married to an individual without one. (ECF 11.) She contends that the IRS has not and will not issue her an advance refund of her 2020 CARES Act credit[5] because her spouse lacks an SSN. (ECF 11.) She contends that she has suffered "grave economic hardships . . . and irreparable harm" without an advance refund of her CARES Act credit. (*Id*. at ¶¶ 34 and 47.) Plaintiff seeks an *ex parte* order certifying a class of similarly situated individuals; a nationwide injunction prohibiting the United States from enforcing the CARES Act as it was drafted and requiring the Court to re-write the law; requiring the government to hold in escrow advance refunds for all similarly situated individuals; and various declaratory relief, including a declaratory judgment that section 6428(g)(1) of the Internal Revenue Code is unconstitutional. (*Id*. at pp. 29-30.) Plaintiff does not demand immediate payment of an

---

[4] See https://www.irs.gov/coronavirus/economic-impact-payment-information-center Q&A 29 ("If you did not receive the full amount to which you believe you are entitled, you will be able to claim the additional amount when you file your 2020 tax return.") (last accessed May 11, 2020)

[5] Plaintiff refers to the advance refunds authorized by section 6428 as "Stimulus Checks." ECF 11 ¶ 23.

advance refund or request any sort of emergency relief requiring a hearing and ruling before the defendants are served.

## IV.   ARGUMENT

### A.   Plaintiff's *Ex Parte* Application is Improper

*Ex parte* applications are reserved for exceptional circumstances because they "impose an unnecessary administrative burden on the court and an unnecessary adversarial burden on opposing counsel who are required to make a hurried response under pressure, usually for no good reason." *In re Intermagnetics Am., Inc.*, 101 B.R. 191, 193 (C.D. Cal. 1989). "In effect, they put the applicant 'ahead of the pack,' without cause or justification." *Id*. In doing so, they "throw the system out of whack." *Id*. When an *ex parte* application is filed, this Court assumes "that the tomatoes are about to spoil or the yacht is about to leave the jurisdiction and that all will be lost unless immediate action is taken." *Mission Power Eng'g Co. v. Cont'l Cas. Co*., 883 F. Supp. 488, 491 (C.D. Cal. 1995). Accordingly, *ex parte* applications are only appropriate when "the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures" and "the moving party is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect." *Id*. at 492.

Nothing in plaintiff's *ex parte* application indicates that she would suffer irreparable prejudice if the motion was heard according to noticed motion practice with adequate time for briefing. The *ex parte* application seeks injunctive and declaratory relief, including a determination that section 6428(g) is unconstitutional and an order requiring the United States to hold funds in escrow for future payment to individuals like plaintiff. (ECF 11 p. 29-30.) Plaintiff does not request the immediate payment of an advance refund of a CARES Act credit. She does not claim that any deadline for action is imminent or that steps need to be taken to preserve the status quo. To the contrary, plaintiff seeks preliminary relief that would invalidate part of a federal statute, enjoin a

4

co-equal branch of government from enforcing the statute as written, and upend the status quo.  In sum, the relief sought by plaintiff does not present any of the kinds of immediacy for which an emergency *ex parte* application is appropriate.

Plaintiff also cannot establish that counsel was not at fault for creating any crisis.  Indeed, as there is no specific articulated reason justifying immediate relief, this *ex parte* application appears to be merely an attempt to jump "ahead of the pack."  Plaintiff's counsel seeks to represent the same nationwide class in lawsuits against the same defendants, challenging the same provision of the CARES Act, asserting the same constitutional claims, and requesting the same relief in three virtually identical cases filed in the United States District Courts for the Northern District of Illinois, the Eastern District of Wisconsin, and the Western District of Wisconsin.  *See* ECF 11-3 at ¶ 5.  The matter pending in the Northern District of Illinois, *Doe v. Trump,* No. 1:20-cv-02531 was filed on April 24, 2020.  The plaintiff in that case sought the same relief in a substantially similar manner by filing a temporary restraining order on an emergency basis on April 30, 2020, and the Northern District of Illinois set an expedited briefing schedule to allow for adequate time for briefing on the complex issues presented.[6]  The government's brief in that case is now due on May 18, 2020.  No. 1:20-cv-02531 (N.D. Ill.) (ECF 19).  The plaintiff will have until May 29, 2020 to respond, after which the court will take the matter under submission.  *Id.*

Based on the foregoing, plaintiff's *ex parte* application should be summarily denied.

---

[6] That court stated that "the briefing schedule should not be so compressed as to compromise the quality of the parties' presentations, particularly since the CARES Act was signed into law on March 27 [] and the TRO motion was not brought until April 30." No. 1:20-cv-02531 (N.D. Ill.), ECF 17.

5

**B.    Plaintiff is not Entitled to an *Ex Parte* Temporary Restraining Order or Preliminary Injunction**

Plaintiff seeks a temporary restraining order or preliminary injunction.  She must therefore demonstrate: (1) that she is "likely to succeed on the merits" of her complaint; (2) that she "is likely to suffer irreparable harm in the absence of preliminary relief"; (3) "that the balance of equities tips in [her] favor"; and (4) that the temporary restraining order or preliminary injunction "is in the public interest."  *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see also All. For The Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135-38 (9th Cir. 2011) (applying the *Winter* test).  If a plaintiff raises "serious questions going to the merits," a court may grant interim relief if the balance of hardships "tips sharply in the plaintiff's favor," the plaintiff is likely to suffer irreparable harm, and the interim relief is in the public interest.  *All. For The Wild Rockies*, 632 F.3d at 1135 (citation omitted).

1.    The first *Winter* factor is plaintiff's likelihood of success on the merits. Plaintiff is unlikely to succeed on the merits because this Court lacks jurisdiction over her complaint.[7]

It is fundamental that the United States cannot be sued without an "'unequivocally expressed waiver of sovereign immunity by Congress.'"  *McGuire v. United States*, 550 F.3d 903, 910 (9th Cir. 2008) (quoting *Dunn & Black P.S. v. United States*, 492 F.3d 1084, 1088 (9th Cir. 2007)).  "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text."  *Lane v. Pena*, 518 U.S. 187, 192 (1996).  Unless the plaintiff demonstrates that the suit falls within the unequivocally expressed terms of a statutory waiver of sovereign immunity, the court lacks jurisdiction over the subject matter of the action, and dismissal is required.  *Id.*; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

---

[7] If the *ex parte* application is not summarily denied, the United States would need additional time to respond to plaintiff's substantive contentions and make further jurisdictional arguments including that plaintiff lacks standing and her claim is not yet ripe for review.

6

In the tax context, Congress has expressly limited the circumstances under which suits can be brought against the government through a carefully articulated scheme. As the Supreme Court has repeatedly emphasized, tax litigation in the district courts is limited to refund suits, which can be brought only if certain jurisdictional prerequisites have been satisfied. *United States v. Clintwood Elkhorn Mining Co.*, 553 U.S. 1, 5-8 (2008). This limitation applies to constitutional challenges to the Internal Revenue Code like the challenge before this Court. *See Clintwood*, 553 U.S. at 9 (Code's administrative exhaustion requirements apply to constitutional claims); *Quarty v. United States*, 170 F.3d 961, 973 (9th Cir. 1999) (same); *see also Freedom from Religion Found., Inc. v. Lew*, 773 F.3d 815 (7th Cir. 2014); *Apache Bend Apts., Ltd. v. United States,* 987 F.2d 1174, 1177-79 & n.4 (5th Cir. 1993) (*en banc*).

The specific waiver of sovereign immunity that would allow the refund of a tax credit, including the CARES Act credit that is the subject of this suit, is contained in 26 U.S.C. § 7422(a). *Clintwood*, 553 U.S. at 5-8; *see also Sarmiento v. United States*, 678 F.3d 147, 151 (2d Cir. 2012) (addressing the taxpayer's claim for a payment under former section 6428, another advance refund "stimulus check" program, after they "filed an administrative claim with the IRS under 26 U.S.C. § 7422 seeking to recover the withheld" payments). Under section 7422(a), a taxpayer may sue for a refund of any tax or any amount illegally collected only if she files a timely administrative refund claim with the IRS, *see* 26 U.S.C. § 6511(a), and the IRS denies her claim or does not act upon it within six months, *see* 26 U.S.C. § 6532(a)(1). *See* 28 U.S.C. §§ 1346(a)(1), 1491. There is no exception set forth in section 6428 to these basic jurisdictional requirements. Thus, to challenge the constitutionality of section 6428, plaintiff must file a joint 2020 income tax return after the filing season begins in 2021, then file an administrative refund claim with the IRS claiming that she is entitled to the payment because section 6428 is unconstitutional.

1   Plaintiff's reliance in her complaint on 5 U.S.C. § 702 as providing the required

2   waiver of sovereign immunity is misplaced.  (ECF 1 ¶ 16.)  Section 702 of the

3   Administrative Procedure Act (APA) contains a broad waiver of sovereign immunity.

4   *See Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1168 (9th Cir. 2017).  But

5   section 704 limits this Court's jurisdiction for claims brought under the APA.  *Id.* at

6   1171.  Accordingly, the Ninth Circuit has held that despite the broad waiver of sovereign

7   immunity in section 702, plaintiffs raising APA claims must meet the jurisdictional

8   requirements of section 704.  *Id.*

9   5 U.S.C. § 704 provides that: "[a]gency action made reviewable by statute and

10  final agency action for which there is no other adequate remedy in a court are subject to

11  judicial review."  Thus, determining whether jurisdiction exists under section 704

12  requires an inquiry into whether other provisions could provide plaintiff with an

13  adequate remedy.  *See U.S. Army Corps of Engineers v. Hawkes Co.*, 136 S. Ct. 1807,

14  1815 (2016) ("agency action is reviewable under the APA only if there are no adequate

15  alternatives to APA review in court.").  If any other avenues of relief exist, there is no

16  jurisdiction under section 704, and the APA claims should be dismissed.  *See Wash.*

17  *Toxics Coal. v. EPA*, 413 F.3d 1024, 1034 (9th Cir. 2005) ("Because this substantive

18  statute independently authorizes a private right of action, the APA does not govern the

19  plaintiffs' claims.")

20  In this case, there is an adequate remedy that precludes review under the APA.  As

21  discussed above, Congress specifically authorized a cause of action for a taxpayer refund

22  suit under section 7422, and that refund action may raise claims under section 6428 of

23  the Internal Revenue Code.  Because plaintiff has a remedy under section 7422, her

24  claims do not fall within the APA's waiver of sovereign immunity.  *See Bowen v.*

25  *Massachusetts,* 487 U.S. 879, 903 (1988) ("Congress did not intend the general grant of

26  review in the APA to duplicate existing procedures for review of agency action.");

27  *Armstrong & Armstrong, Inc. v. United States*, 356 F.Supp. 514, 521 (E.D. Wash. 1973)

28

8

(where "relief is at least available . . .  judicial review may not be predicated on the [APA]"), *aff'd*, 514 F.2d 402 (9th Cir. 1975); *see also Clintwood*, 553 U.S. at 8-12.

Finally, it is well-settled that plaintiff's naming of individual government officials as defendants does not allow plaintiff to avoid the jurisdictional bar of sovereign immunity.  *See*, *e.g*., *Hutchinson v. United States*, 677 F.2d 1322, 1327 (9th Cir. 1982); *Larson v. Domestic & Foreign Commerce Corp*., 337 U.S. 682, 688 (1949).

2.  The second *Winter* factor is irreparable injury.  In addressing this prong, plaintiff focuses on the constitutional dimension of her injury.  If the *ex parte* application is not summarily denied, the United States requires adequate time to respond to these arguments.  Plaintiff also argues (ECF 11 at p.25) that she is suffering irreparable economic harm by not being eligible to receive an advance refund immediately.  The CARES Act, however, does not establish any right to receive an immediate advance refund.  And while the United States does not seek to diminish the hardship that plaintiff is facing, as a matter of Ninth Circuit law, economic injury does not constitute irreparable harm providing a basis for injunctive relief.  *See Hughes v. United States*, 953 F.2d 531, 536 (9th Cir. 1992); *Shannahan v. United States*, 47 F. Supp. 2d 1128, 1144 (S.D. Cal. 1999).

3 & 4.  The third and fourth *Winter* factors are the balancing of the hardships and the public interest.  Plaintiff makes many arguments regarding the hardships she is suffering and the public interest that cannot be addressed without adequate time for briefing.  However, the orderly administration of the tax laws is also in the public interest.  CARES Act credits and the advance refunds thereof are part of a larger system of Congressional enactments and tax administration that endeavors to apply the tax laws consistently.  Plaintiff and similarly situated individuals make up one of many groups of taxpayers that will have to wait until 2021 to claim a CARES Act credit since there is no statutory entitlement to an advance refund of the credit.  The Supreme Court has long held all taxpayers seeking refunds must comply with the requirements Congress

1  established in 26 U.S.C. § 7422.  Consistent application of the tax laws serves the public
2  interest.

3        In sum, because this Court lacks jurisdiction over plaintiff's claims, plaintiff
4  cannot demonstrate success on the merits.  Plaintiff's *ex parte* application should be
5  summarily denied.

6        **C.  Plaintiff's *Ex Parte* Application for Class Certification Should be Denied**

7        As we have explained, plaintiff cannot justify emergency relief here under this
8  Court's standards for *ex parte* relief.  The Court's lack of jurisdiction over plaintiff's
9  claims also precludes class certification.  The United States reserves its right to oppose
10 class certification on other grounds at a more appropriate time.

11 **V.     CONCLUSION**

12        Plaintiff's *ex parte* application should be summarily denied.  Alternatively, the
13 United States should be afforded at least 10 days to confer with the relevant government
14 stakeholders, gather evidence, and prepare a substantive response to plaintiff's
15 contentions.  Moreover, the United States intends to seek dismissal of plaintiff's
16 complaint because this Court lacks jurisdiction.  The United States requests that the
17 threshold question of jurisdiction be addressed before briefing the issues raised in
18 plaintiff's *ex parte* application.

19 Dated: May 11, 2020                    Respectfully submitted,

20                                        NICOLA T. HANNA
21                                        United States Attorney
                                         THOMAS D. COKER
22                                        Assistant United States Attorney
                                         Chief, Tax Division

23                                        _____/s/ John D. Ellis_____
                                         MELISSA BRIGGS
24                                        JOHN D. ELLIS
25                                        Assistant United States Attorneys

26                                        Attorneys for the United States of America

27

28

                                            10