UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

| Case No. | 8:20-cv-00858-SVW-JEM | Date | 9/2/2020 |
|---|---|---|---|

| Title | *Jane Doe v. Donald J. Trump et al* |
|---|---|

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |
|---|---|

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [30]

## I. Introduction

Pseudonymous Plaintiffs Jane Doe and John Doe ("Plaintiffs") filed the instant lawsuit on May 6, 2020 against Donald J. Trump, Mitch McConnell, Steven Mnuchin, Charles P. Rettig, the U.S. Department of the Treasury, the U.S. Internal Revenue Service ("IRS"), and the United States of America (collectively "the Government"). Plaintiffs' First Amended Complaint ("FAC") was filed on June 3, 2020.

Before the Court is the Government's motion to dismiss. For the below reasons, the Government's motion is hereby GRANTED.

## II. Factual and Procedural Background

In response to the COVID-19 pandemic, Congress passed the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act"). The CARES Act provides "Advance Credits" of up to $1,200 for eligible individuals and $500 for each of an eligible individual's qualifying children under age 17. 26 U.S.C. § 6428(a). "Eligible individuals," as defined in the Act, excludes nonresident aliens, individuals who are claimed as dependents by another taxpayer for the last taxable year, and any estate or trust. 26 U.S.C. § 6428(d).

The amount of the credit allocated to eligible individuals is limited based on an eligible individual's adjusted gross income ("AGI") for their prior year tax return (either 2018 or 2019, depending on whether they filed a 2019 tax return before the IRS processed their Advance Credit), with phase-outs beginning at $75,000 for individual filers and $150,000 for joint filers. 26 U.S.C. § 6428(c). The Act also requires each recipient of an Advance Credit to have a Social Security number ("SSN"), which excludes undocumented immigrants without a work authorization who file taxes with an Individual Taxpayer Identification Number ("ITIN"). 26 U.S.C. § 6428(g); 20 C.F.R. §422.104(a). As a result, U.S. citizens who would otherwise qualify for the Advance Credit based on their income do not receive the Advance Credit if they file a joint tax return with a non-citizen spouse who lacks an SSN and instead uses an ITIN to file their taxes. 26 U.S.C. § 6428(g)(1)(B) (the "Exclusion Provision").

Plaintiff Jane Doe alleges that she is a U.S. citizen with an AGI below $75,000, and that she has children who are also U.S. citizens. Dkt. 28 (First Amended Complaint ("FAC") at ¶ 40. Jane Doe was excluded from access to the Advance Credit because she filed a tax return jointly with her spouse, an immigrant who pays taxes and files tax returns with an ITIN. *Id.* at ¶¶ 41–42. Jane Doe states that, except for her spouse's lack of an SSN, she would otherwise be eligible for and receive an Advance Credit from the IRS, both for herself and each of her dependent US. citizen children. *Id.* at ¶ 42. John Doe makes similar allegations regarding his inability to receive an Advance Credit. *Id.* at ¶¶ 43–45.

Based on the foregoing, Plaintiffs argue that the Government denied them an immediate benefit that other similarly situated tax filers have received. *Id.* at ¶¶ 74, 83. Plaintiffs argue that the denial of this immediate benefit is unconstitutional because it infringes on their fundamental right to marry and their right to equal protection under the law. *Id.* at ¶¶ 64–85.

Plaintiffs filed an ex parte application for a temporary restraining order ("TRO") on May 8, 2020. Dkt. 9. The Court denied the TRO on July 8, 2020. Dkt. 44. The Court concluded that, although Plaintiffs had standing to bring their claims, the Exclusion Provision they facially challenged was subject to rational basis review because it did not (1) implicate their fundamental rights, such as their to marriage or their First Amendment rights, or (2) create a suspect classification that is entitled to heightened scrutiny. *Id.* at 11-17. The Court explained that the substantial deference given to the Government under rational basis review made it unlikely Plaintiffs would succeed on the merits of their claims. *Id.* at 16-17.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:20-cv-00858-SVW-JEM | Date | 9/2/2020 |
| Title | *Jane Doe v. Donald J. Trump et al* | | |

On July 13, 2020, the Court held a hearing regarding the Government's motion to dismiss. Dkt. 50. The Court declined to grant the Government's pending motion, instead ordering supplemental briefing from both parties on the rational basis for the Exclusion Provision because neither party addressed this issue in detail in their prior briefing on the motion to dismiss. *See* Dkt. 30 at 21 (one sentence in Government's motion to dismiss positing a rational basis Congress may have acted on); Dkt. 32 (Plaintiffs' assertion without argument that disposition at the pleading stage would be inappropriate regardless of whether rational basis existed). Both parties have now submitted their supplemental briefs, Dkts. 54, 57, and the Court therefore returns to the question of whether the constitutional issues raised by Plaintiffs state a claim for which relief can be granted.

### III. Legal Standard

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the claims stated in the complaint. *See* Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. A complaint that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party." *Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014). Thus, "[w]hile legal conclusions can provide the complaint's framework, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. When evaluating the sufficiency of a pleading under Fed. R. Civ. P. 12(b)(6), a court may consider only the allegations in the complaint and any attachments or documents incorporated by reference. *Koala v. Khosla*, 931 F.3d 887, 894 (9th Cir. 2019); s*ee also United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003).

IV. **Analysis**

a. *Plaintiffs' new arguments regarding fundamental rights.*

In their briefing, Plaintiffs make two new arguments suggesting that the Exclusion Provision should be subject to heightened scrutiny.[1] First, they argue that the Exclusion Provision discriminates on the basis of national origin. PSB at 12. Second, they argue that the Exclusion Provision creates compelled speech by forcing individuals in their position to mark "married filing separately" on their tax return in order to receive the Advance Credit.[2] *Id.* at 2–7.

Plaintiffs' first argument is easily dismissed because the Exclusion Provision does not discriminate on the basis of national origin. *See* 26 U.S.C. § 6428(g)(1)(B). Rather, the Exclusion Provision applies to every tax filer regardless of national origin. *See id.* Accordingly, this first argument for heightened scrutiny is without merit.

Plaintiffs' argument under the First Amendment is also unavailing. It is true that the First Amendment protects "both the right to speak freely and the right to refrain from speaking at all." *Wooley v. Maynard*, 430 U.S. 705, 714 (1977).

However, the protection against compelled speech is only applicable where the government compels a particular political or ideological message—*i.e.*, where it requires "affirmation of a belief and an attitude of mind" the speaker opposes. *W. Va. Bd. of Educ. v. Barnette*, 319 U.S. 624, 633 (1943); *see also Miami Herald Publ'g Co. v. Tornillo*, 418 U.S. 241, 258 (1974) (finding requirement that newspapers publish replies from political candidates unconstitutional); *Pacific Gas and Electric Company v. Public Utilities Commission of California*, 475 U.S. 1, 14–16 (holding state may not order

---

[1] Plaintiffs' briefing also renewed arguments that the Exclusion Provision unconstitutionally interferes with the fundamental right of marriage, Dkt. 57 (Plaintiffs' Supplemental Brief ("PSB")) at 7–10, 12–13, and discriminates on the basis of alienage, *id.* at 11–12. The Court rejects these arguments for the same reason it rejected them in denying Plaintiffs' motion for a temporary restraining order. Dkt. 44 at 12–16.

[2] Individuals in Plaintiffs' position can still receive the Advance Credit if they file separately rather than jointly with their non-eligible spouse. Dkt. 54 (Government's Supplemental Brief ("GSB")) at 11 n.1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-00858-SVW-JEM | Date | 9/2/2020 |
|---|---|---|---|
| Title | *Jane Doe v. Donald J. Trump et al* | | |

utility company to distribute the literature of groups with which it disagreed).

By contrast, the prohibition on compelled speech is inapplicable where the required speech is "essential to the maintenance of effective government and orderly society." *Barnette*, 319 U.S. at 645 (Murphy, J., concurring). At least one court has expressly held that the First Amendment is not implicated by the disclosure of required information to the IRS. *United States v. Sindel*, 53 F.3d 874, 878 (8th Cir.1995)

Essentially, Plaintiffs ask this Court to hold that the selection of one's filing status on a tax return is akin to the "affirmation of a belief and an attitude of mind" that the First Amendment protects against. *Barnette*, 319 U.S. at 633. The Court declines to do so. Choosing "married filing separately" or "married filing jointly" on a tax return does not constitute a political or ideological message. Rather, it merely provides the IRS with administrative information that is essential to the Department's orderly operation. *See Sindel*, 53 F.3d at 878.

Plaintiffs' arguments to the contrary are without merit. First, nearly all of the cases relied on by Plaintiffs involved a political or ideological message. *See, e.g.*, *Speiser v. Randall*, 357 U.S. 513, 516 (1958) (statement on tax return declaring that filer does not support overthrowing government); *Perry v. Sindermann*, 408 U.S. 593, 595 (1972) (statements regarding educational policies); *Wooley*, 430 U.S. at 719 ("Live Free or Die" motto on license plates); *Barnette*, 319 U.S. at 633 (flag salute in classrooms); *Koala*, 931 F.3d at 892 (article satirizing trigger warnings and safe spaces); *All. for Open Soc'y Int'l, Inc. v. U.S. Agency for Int'l Dev.*, 651 F.3d 218, 223 (2d Cir. 2011), *aff'd sub nom. Agency for Int'l Dev. v. All. for Open Soc'y Int'l, Inc.*, 570 U.S. 205 (2013) (financial grant condition prohibiting assistance to groups lacking express policy opposing prostitution). Here, by contrast, no such political or ideological message exists in the choice between "married filing separately" and "married filing jointly."

Second, Plaintiff suggests that the court in *Kahn v. United States*, 753 F.3d 1208, 1211 (3d Cir. 1985)—in which a defendant was prosecuted for filing a frivolous tax return after demanding a non-existent "war tax" refund—"acknowledged that tax returns constitute speech that is afforded First Amendment protection," PSB at 3. To the contrary, the *Kahn* court did not decide whether the defendant's conduct was speech related. 753 F.2d at 1217. Instead, the court explained that "[e]ven if we were to view the underlying conduct as speech-related, we believe it is sufficiently outweighed by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:20-cv-00858-SVW-JEM | Date | 9/2/2020 |
| Title | *Jane Doe v. Donald J. Trump et al* | | |

the broad public interest in maintaining a sound and administratively workable tax system." *Id.* The court in the other case relied on by Plaintiffs reached the same result: "Even if plaintiffs' attempts to avoid or redirect their taxes were treated as expressive activity protected by the First Amendment, the authorities cited above establish that the necessities of maintaining a revenue system raise a compelling governmental interest under these circumstances adequate to override this fundamental right." *Franklet v. United States*, 578 F. Supp. 1552, 1556 (N.D. Cal. 1984), *aff'd*, 761 F.2d 529 (9th Cir. 1985).

Accordingly, Plaintiffs' new arguments in support of heightened scrutiny are unavailing. The Court finds that the Exclusion Provision is instead subject to rational basis review.

### b. *Rational basis review in light of the supplemental briefing.*

"[R]ational-basis review in equal protection analysis is not a license for courts to judge the wisdom, fairness, or logic of legislative choices." *Aleman v. Glickman*, 217 F.3d 1191, 1200 (9th Cir. 2000) (quoting *Heller v. Doe,* 509 U.S. 312, 319 (1993) (quotations omitted). The Court must determine whether "there is any reasonably conceivable state of facts that could provide a rational basis for the classification." *Fowler Packing Co., Inc. v. Lanier*, 844 F.3d 809, 815 (9th Cir. 2016) (quoting *F.C.C. v. Beach Comms., Inc.*, 508 U.S. 307, 313 (1993)). "[C]ourts are compelled under rational-basis review to accept a legislature's generalizations even when there is an imperfect fit between means and ends. A classification does not fail rational-basis review because it is not made with mathematical nicety or because in practice it results in some inequality." *Aleman*, 217 F.3d at 1201 (quoting *Heller*, 509 U.S. at 321). "[I]f [the Court] find a plausible reason for [Congress'] action, [it's] inquiry is at an end" and dismissal is warranted. *Fowler*, 844 F.3d at 815.

Moreover, the government "has no obligation to produce evidence to sustain the rationality of a statutory classification. . . . [T]he burden is [instead] on the one attacking the legislative arrangement to negative *every* conceivable basis which might support it." *Aleman*, 217 F.3d at 1201 (citing *Heller*, 509 U.S. at 320) (emphasis added) (internal quotations omitted). Accordingly, Plaintiffs here bear the burden of negating every conceivable rational basis for the Exclusion Provision.

The Court finds that Plaintiffs failed to negate at least one rational basis: administrative efficiency. Moreover, the Court does not find any evidence of animus in the legislative record, nor is the Court's conclusion altered by the Exclusion Provision's carve out for military members.

### i. *Administrative efficiency for IRS implementation.*

"[A]dministrative considerations can justify a tax-related distinction." *Armour v. City of Indianapolis, Ind.*, 566 U.S. 673, 682 (2012). These considerations include minimizing costs and burdens. *Cty. of Santa Cruz v. Burwell*, 584 F. App'x 425 (9th Cir. 2014) (upholding statute on the "[rational] basis of minimizing administrative cost and burden"); *see also Armour*, 566 U.S. at 682.

There is abundant public evidence that a primary goal of the CARES Act was speed—*i.e.*, to get checks in the hands of eligible individuals quickly. The express text of § 6428 directs the Treasury Secretary to process Advance Credits "as rapidly as possible." 26 U.S.C. § 6428 (f)(3)(A). Other portions of the statute permit modification to payment information by disbursing officials "for the purpose of facilitating the accurate and efficient delivery" of payments. *See* 26 U.S.C. § 6428 (f)(3)(C). Moreover, Congress did not want the IRS to wait until individuals submitted their 2020 tax returns to determine if those individuals were eligible for the Advance Credit. Rather, Congress authorized the IRS to immediately determine eligibility based on prior tax returns. *See* 26 U.S.C. § 6428 (f)(5). Accordingly, speed was a primary goal in the legislative scheme.

Yet, Congress did not just want the IRS to immediately send a check to every individual living in the country. Rather, Congress sought to restrict the provision of Advance Credits to individuals who both (1) have work authorization in the U.S., 26 U.S.C. § 6428(g), and (2) have AGIs below certain thresholds, 26 U.S.C. § 6428(c).[3] Congress also expressly chose not to distribute checks to nonresident aliens. 26 U.S.C. § 6428(d)(1).

Because an individual receiving an Advance Credit must meet all those requirements, the IRS would face administrative challenges if it were required to determine whether an individual who files

---

[3] $150,000 for joint filers, $75,000 for single filers, and $112,500 for individuals filing as head of household. *See* 26 U.S.C. § 6428(c).

jointly with a spouse lacking work authorization—*i.e.*, with a spouse who is ineligible for the Advance Credit—would hypothetically meet the AGI requirement on their own. Specifically, the CARES Act directs the IRS to use AGI as reported on the joint filers' 2019 tax return. 26 U.S.C. § 6428(f). That AGI equals the aggregate incomes of the joint filers less above-the-line deductions. 26 U.S.C. § 62. Accordingly, the IRS may not be able to efficiently determine the hypothetical AGI of an individual joint filer. For example, as the Government explains, the IRS may not be able to quickly determine which deductions or qualifying children claimed on the joint return would have been claimed by the eligible individual if he or she filed separately. GSB at 11.

Plaintiffs counter that "[t]his argument displays a fundamental lack of understanding of the innerworkings of the Internal Revenue Service." PSB at 15. They identify a number of sources of information the IRS could use to determine the AGI of an individual joint filer, including W-2s and 1099s. *Id.* They further note that the IRS "routinely audits complex partnerships and corporations," and they argue that any suggestion that the IRS is unable to determine the AGI of an individual joint filer is "patently false and insulting to the hard-working and highly competent employees of the IRS." *Id.*

Plaintiffs' argument addresses the wrong question. The issue is not whether the IRS is *capable* of computing the hypothetical AGI of an individual who filed jointly with another. Rather, the issue is whether Congress plausibly *chose not to require the IRS to do so* in order to speed up the process by which stimulus checks were distributed while ensuring that the checks were only distributed to individuals with work authorization. In other words, Congress could have rationally chosen the Exclusion Provision as a means of balancing two competing objectives: efficiency in delivering checks on the one hand and, on the other, ensuring checks are distributed not to nonresident aliens but, instead, only to individuals with work authorization whose AGI is below a certain threshold.

Plaintiffs bear the burden of negating that possibility, *Aleman*, 217 F.3d at 1201, and Plaintiffs have failed to do so. For example, Plaintiff does not argue that the IRS could compute a hypothetical AGI with the efficiency necessary to satisfy Congress's urgency. Nor does Plaintiff identify any instruction to the IRS that the Department use all of its available data in determining eligibility. To the contrary, the statute limits the alternative data that the IRS may use in determining eligibility to the following: (1) an individual's 2018 tax return, (2) an individual's 2019 Form SSA-1099 (*i.e.*, a Social

Security Benefit Statement), or (3) an individual's 2019 Form RRB-1099 (*i.e.*, a Social Security Equivalent Benefit Statement). 26 U.S.C. § 6428(f)(5). Indeed, this limitation further suggests that Congress may have rationally decided to prevent the IRS from going down a rabbit hole in determining eligibility—*i.e.*, to minimize delays in the distribution of checks.

Moreover, Congress is not eliminating the Advance Credit entirely for individuals such as Plaintiffs, who would ordinarily be eligible but are not because they filed jointly with a non-eligible spouse. Rather, these individuals can receive credit when they file their 2020 return—they must simply file separately from their spouse.[4] GSB at 11 n.1 (the Government's position is that Plaintiffs may file their 2020 tax returns separately in order to obtain the Advance Credit).[5] In other words, Congress may have decided to shift the burden of determining eligibility for individuals such as Plaintiffs *from* the IRS *to* the Plaintiffs in order to minimize the burden on the IRS when time is of the essence.

Whether or not administrative efficiency was actually Congress's motivation in adopting the Exclusion Provision is not relevant. *RUI One Corp. v. City of Berkeley*, 371 F.3d 1137, 1155 (9th Cir. 2004) ("[I]t is entirely irrelevant for constitutional purposes whether the conceived reason for the challenged distinction actually motivated the legislature.") (quoting *Beach*, 508 U.S. at 315). Rather, "it is enough that the governing body could have rationally decided that the action would further [the legitimate] interest." *Crawford v. Antonio B. Won Pat Int'l Airport Auth.*, 917 F.3d 1081, 1095 (9th Cir. 2019).

---

[4] The Court considered the possibility that requiring individuals such as Plaintiffs to file separately in order to receive the Advance Credit may deprive them of some of the benefits of filing jointly. Plaintiffs did not raise this argument in their briefing, and the particular impact of filing separately rather than jointly remains unclear absent briefing on the issue. Nonetheless, a particular classification "does not fail rational-basis review simply because . . . in practice it results in some inequality." *Aleman*, 217 F.3d at 1201 (internal quotations omitted).

[5] Plaintiffs suggests they are entitled to discovery on the basis of scattered accounts of the IRS denying Advance Credits to US citizens who filed their taxes separately and would otherwise qualify for the Advance Credit. Dkt. 57 at 16 n.3. However, Plaintiffs cannot base a facial challenge to a statute on the implementation of the statute's language by an executive agency, particularly when that alleged implementation contradicts the plain language of the statute. *Willis v. City of Seattle*, 943 F.3d 882, 886 (9th Cir. 2019) ("A facial challenge is an attack on a law itself as opposed to a particular application.") (quoting *City of Los Angeles v. Patel*, 576 U.S. 409, 415 (2015)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:20-cv-00858-SVW-JEM | Date | 9/2/2020 |
| Title | *Jane Doe v. Donald J. Trump et al* | | |

The Court finds that Congress could have rationally included the Exclusion Provision to promote administrative efficiency and minimize delays in the distribution of checks. Plaintiffs failed to negate that rational basis and, accordingly, the Court finds that the Exclusion Provision survives rational basis review.

> ii. *No evidence of animus in the legislative record.*

Plaintiffs suggest that the Exclusion Provision cannot satisfy rational basis review because it was motivated by animus towards nonresident aliens and anyone associated with them. PSB at 17–20.

However, Plaintiffs have not pointed to any specific evidence of animus in the legislative record with regard to the Exclusion Provision.[6] *See generally* Dkt. 32; Dkt. 57. The Court finds that this lack of animus distinguishes the analysis here from cases cited by Plaintiffs, where clear evidence of animus towards specific groups was present in the legislative history of the disputed law. *See U. S. Dep't of Agric. v. Moreno*, 413 U.S. 528, 534 (1973) ("The legislative history that does exist, however, indicates that that amendment was intended to prevent so called 'hippies' and 'hippie communes' from participating in the food stamp program."); *see also Romer v. Evans*, 517 U.S. 620, 633 (1996) (law barring gays and lesbians to protection via anti-discrimination laws failed rational basis review). This is especially so in light of the near-unanimous votes in both the Senate and House of Representatives. *See* H.R. 748: Senate Roll Vote Number 80 (March 25, 2020) (Yeas – 96, Nays – 0); *see also* H.R. 748: House Voice Vote (March 27, 2020) (Agreed by Voice Vote).

Accordingly, Plaintiffs' argument regarding animus is unavailing.[7]

---

[6] Plaintiff cites to news articles quoting the head of a non-profit, the former chairman of the Florida Republican Party, and a spokeswoman for a U.S. Senator. PSB at 19. The Court is not persuaded that these statements made by individuals uninvolved in the legislative process demonstrate legislative animus.

[7] Moreover, even if animus were present, a statute will only fail if it is "impossible to discern a relationship to legitimate state interests or the policy is inexplicable by anything but animus." *Trump v. Hawaii*, 138 S. Ct. 2392, 2420–21 (2018). Here, as discussed above, *supra* at 7–10, a legitimate interest exists: delivering checks to eligible individuals with minimal delay.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:20-cv-00858-SVW-JEM | Date | 9/2/2020 |
|---|---|---|---|
| Title | *Jane Doe v. Donald J. Trump et al* | | |

### iii. *An exception for military servicemembers is consistent with other portions of the tax code and prior advance credit legislation.*

Finally, Plaintiffs note that Congress included an express carve-out to the Exclusion Provision for members of the armed forces. 26 U.S.C. § 6428(g)(3). The carve-out permits individuals who are members of the US armed forces during the taxable year to receive the full Advance Credit as long as at least one spouse has a SSN. *Id.* Plaintiffs argue that this carve-out demonstrates "disparate treatment" of Plaintiffs relative to military members and other US citizens who have not married individuals without SSNs. PSB at 15–16.

The Court does not find that the carve-out rebuts the rational basis the Court found above. Indeed, special benefits to military members are provided throughout the Tax Code, and even expressly include preferential treatments with regard to other tax credits, like the Earned Income Tax Credit ("EITC"). *See* 26 U.S.C. § 112 (combat pay excluded from gross income); 26 U.S.C. § 7508 (extension of various tax deadlines for armed service members in combat zones); *see also* IRS Publication 596, "Earned Income Credit" at 8 (explaining armed service members can elect to have nontaxable pay included in earned income for purposes of EITC).

Accordingly, the decision by Congress to exempt members of the military from the Exclusion Provision does not alter the Court's conclusion regarding the rational basis for that Provision.

### V. Conclusion

For the foregoing reasons, the Court concludes that the Exclusion Provision survives rational basis review and Plaintiffs' FAC therefore fails to state a claim upon which relief can be granted.

Accordingly, the Government's motion to dismiss is GRANTED. Plaintiffs' outstanding motion to proceed under pseudonyms is denied as moot.

IT IS SO ORDERED.

_____ : _____

Initials of Preparer

PMC